IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| GOOD RIVER FARMS, LP, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:17-CV-1117-RP |
| | § | |
| TXI OPERATIONS, LP and MARTIN MARIETTA MATERIALS, INC., | § | |
| | § | |
| Defendants. | § | |

**ORDER**

Before the Court is Defendants' Motion to Strike Plaintiff's Appraisal Report. (Dkt. 34). Plaintiff Good River Farms, LP ("Good River Farms"), which alleges that Defendants' neighboring reservoir failed and flooded Good River Farms' pecan farm, hired an appraiser, W.F. Smith ("Smith"), to assess the diminution in the farm's value. (Am. Compl., Dkt. 7, at 3–4; Mot., Dkt. 34, at 1). Defendants now ask the Court to strike Smith's expert report because his opinions are irrelevant. (Mot., Dkt. 34, at 1).

When Good River Farms amended its complaint, it removed a claim for permanent market value damages. (*Id.* at 1–2; Resp., Dkt. 36, at 2). Smith's report seeks to appraise the value of the farm before and after it was flooded. (Appraisal, Dkt. 34-1, at 2). His appraisal factors in "permanent damage" due to Good River Farms' duty to disclose the flood to future buyers, as well as the "fact [that] the property is potentially subject to excessive inundation events in the future caused by the dam" owned by Defendants. (*Id.*). The appraisal's estimate of the permanent damages to the farm carries significant uncertainty, with estimates varying by $700,000. (*Id.* at 3). Defendants argue that an appraisal based on permanent market-value diminution is irrelevant now that Good River Farms has dropped its claim for permanent market-value damages and ask that Smith's report be stricken so that Defendants may be spared the expense of a rebuttal expert. (Mot., Dkt. 34, at 2–3).

1

Good River Farms agrees that it dismissed its claim for permanent market-value damages but respond that Smith's report is relevant nonetheless. (Resp., Dkt. 36). Good River Farms still seeks a permanent injunction, (Am. Compl., Dkt. 7, at 11), for which they will need to prove the existence of an imminent threat and irreparable injury. *Jim Rutherford Investments, Inc. v. Terramar Beach Cmty. Ass'n*, 25 S.W.3d 845, 849 (Tex. App.—Houston [14th Dist.] 2000, pet. denied). The Court agrees that Mr. Smith's report is relevant to the appropriateness of injunctive relief. If it is true that Defendants' dam creates a risk of future flood damage that will drive down the value of Good River Farms' property, and if the amount of that damage is uncertain, then that would be a relevant to whether Good River Farms is threatened with irreparable injury.

Defendants' argument to the contrary does not convince the Court otherwise. Defendants argue that the appraisal actually *undermines* Good River Farms' case for an injunction because Smith's damages estimate suggests that any future harm is compensable by damages. (Reply, Dkt. 37, 2). In taking that position, however, Defendants concede the appraisal's relevance, as a fact that undermines a legal argument is necessarily a relevant fact, even if it is not the sort of relevant fact Good River Farms should want found.

Accordingly, **IT IS ORDERED** that Defendants' Motion to Strike Plaintiff's Appraisal Report, (Dkt. 34), is **DENIED**. The parties shall confer about an appropriate extension for any deadlines affected by this order and seek leave for any such extension, agreed or otherwise.

**SIGNED** on July 29, 2019.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE