**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| GOOD RIVER FARMS, LP § § *Plaintiff*, § § v. § § MARTIN MARIETTA MATERIALS, § INC. AND TXI OPERATIONS, LP § § *Defendants*. § | No. 1:17-cv-01117 |

## DEFENDANTS' ORIGINAL ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendants TXI Operations, LP ("TXI") and Martin Marietta Materials, Inc. file this Original Answer to Plaintiff's Second Amended Complaint (the "Complaint"), and would show the Court as follows:

### I.   Answer

1. Defendants do not have sufficient information to admit or deny Paragraph 1 of the Complaint.

2. Defendants admit Paragraph 2 of the Complaint.

3. Defendants admit Paragraph 3 of the Complaint.

4. Defendants admit Paragraph 4 of the Complaint.

5. Defendants admit Paragraph 5 of the Complaint.

6. Defendants admit Paragraph 6 of the Complaint.

7. Defendants do not have sufficient information to admit or deny the first sentence of Paragraph 7 of the Complaint. Defendants deny the second sentence of Paragraph 7, do not have sufficient knowledge to admit or deny the allegations in the third sentence of Paragraph 7

and deny the remainder of Paragraph 7, other than to state Defendants admit that they used water from the referenced pit for certain aspects of operations and that there was a flood event in 2013 resulting in a breach of the northern wall of the referenced pit.

8. Defendants deny the allegations in paragraph 8 of the Complaint.

9. Defendants admit that a breach was repaired, but deny the remaining allegations in paragraph 9 of the Complaint.

10. Defendants admit that two breaches remained in the referenced pit, but Defendants deny the remaining allegations in paragraph 10 of the Complaint.

11. Defendants deny the allegations in paragraph 11 of the Complaint.

12. Defendants admit that the repair was made in part with overburden coming from elsewhere on the Garfield Plant, but deny the allegations in paragraph 12 of the Complaint.

13. Defendants admit there was a flooding natural disaster that occurred on or around October 30, 2015 in Travis County, but deny the remainder of the first and second sentences of Paragraph 13 of the Complaint. Defendants do not have sufficient knowledge to admit or deny the remainder of Paragraph 13.

14. Defendants do not have sufficient knowledge to admit or deny the allegations in Paragraph 14 of the Complaint.

15. Defendants do not have sufficient knowledge to admit or deny the allegations in Paragraph 15 of the Complaint.

16. Defendants do not have sufficient knowledge to admit or deny the allegations in Paragraph 16of the Complaint.

17. Defendants deny Paragraph 17 of the Complaint.

18. Defendants deny Paragraph 18 of the Complaint.

19. Defendants deny Paragraph 19 of the Complaint.

20. Defendants deny Paragraph 20 of the Complaint.

21. Defendants admit Plaintiff is seeking damages, but deny Defendants are liable for such damages as referenced in Paragraph 21.

22. Defendants admit Plaintiff is seeking exemplary damages, but deny Plaintiff is entitled to recover the same as claimed in Paragraph 22.

23. Defendants admit that the referenced sections of the Texas Water Code are accurately quoted in Paragraph 23 of the Complaint.

24. Defendants deny Paragraph 24 of the Complaint.

25. Paragraph 25 states a legal conclusion for which no response is required.

26. Paragraph 26 states legal conclusions for which no response is required. To the extent a response is required or deemed appropriate, Defendants deny that they owed or breached any of the duties referenced in Paragraph 26 of the Complaint.

27. Defendants deny Paragraph 27 of the Complaint.

28. Defendants admit Plaintiff is seeking damages, and do not have sufficient knowledge to admit or deny what costs Plaintiff may or may not have paid, but deny the remainder of Paragraph 28 of the Complaint.

29. Defendants deny Paragraph 29 of the Complaint.

30. Paragraph 30 states legal conclusions to which no response is required, except that Defendants do admit that there was a flooding natural disaster on or about October 31, 2015 in Travis County, and that Plaintiff's Original Petition in state court was filed on or about October 27, 2017.

31. Defendants admit that Paragraph 31 accurately quotes section of the Texas Water Code, but deny that Defendants violated the Water Code.

32. Defendants do not have sufficient knowledge to admit or deny Paragraph 32 of the Complaint.

33. Paragraph 33 states legal conclusions to which no response is required.

34. Defendants admit that an embankment was rebuilt by TXI, but deny the remainder of paragraph 34 of the Complaint.

35. Defendants deny Paragraph 35 of the Complaint.

36. Defendants deny Paragraph 36 of the Complaint.

37. Defendants admit that Plaintiff is seeking a permanent injunction as referenced in Paragraph 37 of the Complaint, but deny that Plaintiff is entitled to same.

38. Paragraph 38 states legal conclusions to which no response is required.

39. Defendants deny Paragraph 39 of the Complaint.

40. Defendants do not have sufficient knowledge to admit or deny any rescue efforts by the Travis County Fire Department, but the remainder of Paragraph 40 states legal conclusions or argument to which no response is required.

41. Paragraph 41 states legal conclusions to which no response is required, but Defendants deny that there is no adequate remedy at law or a dangerous condition that exists due to Defendants.

42. Paragraph 42 states legal conclusions to which no response is required, but Defendants deny that the relief requested therein is appropriate.

43. Paragraph 43 states legal conclusions to which no response is required.

44. Defendants admit Plaintiff is seeking damages as referenced in Paragraph 44 of the Complaint, but deny that Defendants have any liability to Plaintiff.

45. Paragraph 45 contains a jury demand to which no response is required.

46. Defendants acknowledge Plaintiff has included a Prayer for relief in Paragraph 46, but deny Plaintiff is entitled to the relief sought.

## II.     Affirmative Defenses

47. Without admitting the following defenses are affirmative defenses or defenses for which Defendants have the burden of proof, Defendants allege as follows:

48. Defendants assert that Plaintiff's claims, in whole or in part, are barred because the injury Plaintiff complains of was the result of an "act of God."

49. Defendants assert that the damages allegedly suffered by Plaintiff were not caused in fact by any conduct or act of Defendants.

50. Defendants assert that the damages allegedly suffered by Plaintiff were not proximately caused by any conduct or act of Defendants.

51. Defendants assert that Plaintiff failed to mitigate its damages.

52. Defendants assert that Plaintiff's claims, in whole or in part, are the result of contributory negligence and/or assumption of the risk.

53. Defendants assert that given the numerous alleged causes of Plaintiff's claims, proportionate fault should be determined consistent with Texas Civil Practices and Remedies Code chapter 33.

Respectfully submitted,

  */s/ Joshua D. Kipp*
Monica W. Latin (TSBN 00787881)
  mlatin@ccsb.com
D. Lance Currie (TSBN 24065106)
  lcurrie@ccsb.com
Joshua D. Kipp (TSBN 24078793)
  jkipp@ccsb.com
CARRINGTON COLEMAN SLOMAN
  & BLUMENTHAL L.L.P.
901 Main Street, Suite 5500
Dallas, Texas 75202
(214) 855-3000
(214) 855-1333 (facsimile)

*Attorneys for Defendants Martin Marietta Materials, Inc. and TXI Operations, LP*

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing instrument was served upon the attorneys of record of all parties to the above cause in accordance with Rule 5, FEDERAL RULES OF CIVIL PROCEDURE, on this 29th day of January, 2020.

  */s/ Joshua D. Kipp*