IUNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| GOOD RIVER FARMS, LP, § § *Plaintiff,* § § v. § § MARTIN MARIETTA MATERIALS, INC. § and TXI OPERATIONS, LP, § § *Defendants.* § | CASE NO. 1:17-cv-1117 |

## ORDER ON MOTIONS IN LIMINE

On December 17, 2021, the parties through their counsel came before this Court for a Final Pretrial Conference via videoconference. After reviewing each party's motions in limine and hearing arguments of counsel, the Court ruled on each motion in limine as stated in this Order.

It is hereby ORDERED that the motions in limine listed in this Order are GRANTED or GRANTED AS MODIFIED as described below.

It is further ORDERED that all other motions in limine are DENIED.

### PLAINTIFF'S MOTIONS IN LIMINE

Motion In Limine No. 8: That Defendants be prohibited from making any reference to personal opinions or beliefs and the quality or personal worth of any party, agent party, or witness in this case.

> **GRANTED AS MODIFIED: The Parties are prohibited from making any reference to personal opinions or beliefs and the quality or personal worth of any party, agent party, or witness in this case.**

Motion *In Limine* No. 9: Any reference to any conversations or comments that have taken place between or among the lawyers in this case other than stipulations of counsel filed to or agreed to in open court.

> **GRANTED**

**ORDER ON MOTIONS IN LIMINE**                                                                                    1

Motion *In Limine* No. 10: That this motion has been presented to or ruled upon by the Court, and in this connection, Plaintiff moves that Defendants' counsel be instructed not to suggest to the jury by argument or otherwise that any Party has sought to exclude from proof any matter bearing on the issues in this cause or the rights of the parties in this suit.

> **GRANTED AS MODIFIED: The Parties are prohibited from suggesting to the jury by argument or otherwise that any Party has sought to exclude from proof any matter bearing on the issues in this cause or the rights of the parties in this suit.**

Motion *In Limine* No. 11: Any suggestion that plaintiff has not fully complied with discovery in this case or that it has made discovery by Defendants unduly difficult.

> **GRANTED**

Motion *In Limine* No. 13: Requesting Plaintiff's counsel to stipulate to either the admissibility of any evidence or stipulate to any facts in front of the jury.

> **GRANTED AS MODIFIED: The Parties are prohibited from asking counsel to stipulate to either the admissibility of any evidence or stipulate to any facts in front of the jury.**

Motion *In Limine* No. 14: Any evidence, questions or suggestions pertaining to such matters as "deep pockets," "legal lotteries," "tort reform, or "frivolous lawsuits."

> **GRANTED**

Motion *In Limine* No. 15: The contents of any pleadings which have been superseded by the current pleadings on file in this case.

> **GRANTED**

Motion *In Limine* No. 17: Any offer of evidence or reference to the cost or expense incurred by Plaintiff or Defendants in connection with this lawsuit.

> **GRANTED**

Motion *In Limine* No. 19: Any evidence, questions, or statements that Plaintiff has not called to testify any potential witness equally available to both parties in this cause.

> **GRANTED AS MODIFIED: The Parties are prohibited from eliciting evidence, asking questions, or making statements that any Party has not called to testify any potential witness equally available to both parties in this cause.**

Motion *In Limine* No. 21: Any reference or comment that any jury question or definition is attributable to the Plaintiff or Defendants.

> **GRANTED**

Motion *In Limine* No. 24: The fact that Plaintiff's counsel refused or declined to stipulate to any matters or evidence.

> **GRANTED AS MODIFIED: The Parties are prohibited from referencing in front of the jury the fact that Plaintiff's counsel refused or declined to stipulate to any matters or evidence.**

Motion *In Limine* No. 29: Any comments that the jurors or jury panel should attempt to place themselves in a position of the plaintiff or the defendants in this case.

> **GRANTED**

Motion *In Limine* No. 38: Any impeachment of Steven Wimberly based on his felony conviction dated September 9, 1986. Plaintiff would show that Steven Wimberly has completed all sentencing and incarceration as a result of such conviction more than ten (10) years ago. Pursuant to *Federal Rules of Evidence* 609(b) such conviction is barred as being unduly prejudicial.

> **GRANTED**

Motion *In Limine* No. 40: Any opinion testimony by any witness not disclosed as an expert witness and not qualified as an expert witness.

> **GRANTED**

Motion *In Limine* No. 41: Any question, reference, or argument concerning the immigration status of any witness in the case. Plaintiff would show that such information is not material or relevant to the issues in this case and could only be raised to seek to utilize such information for its prejudicial effect.

> **GRANTED**

Motion *In Limine* No. 42: Any mention of the probable testimony of a witness who is absent, unavailable, or not called or allowed to testify in this case.

> **GRANTED**

### DEFENDANTS' MOTIONS IN LIMINE

Motion *In Limine* No. 2: To preclude Plaintiff from referring to or presenting to the jury any argument about or reference to the value of Plaintiff's property or any opinion related to such value, including without limitation the testimony of appraiser W.F. Smith III.

> **GRANTED**

Motion *In Limine* No. 3: To preclude Plaintiff from referring to regulations related to dams.

**GRANTED AS MODIFIED: Plaintiff is precluded from arguing or eliciting testimony that Defendants were required to build to the standard of dams or violated any regulations applicable to dams.**

Motion *In Limine* No. 4: To preclude Plaintiff from referring to discussing any alleged permit violations by Defendants

**GRANTED**

Motion *In Limine* No. 6: To preclude Plaintiff from referring to or discussing any alleged mental anguish or emotional distress suffered by Plaintiff's directors, officers, managers, or employees, because such injuries are not pleaded and not relevant to the claims or defenses in this case.

**GRANTED, BUT PARTIES MAY SEEK LEAVE**

Motion *In Limine* No. 7: To preclude any questions or referring to other lawsuits, complains, or claims against Plaintiffs, Defendants, or any of their respective employees.

**GRANTED, BUT PARTIES MAY SEEK LEAVE**

Motion *In Limine* No. 8: To preclude any evidence, statements, comments, or references regarding any pretrial motions filed by any of the parties, and/or any prior findings or rulings of the Court in this case.

**GRANTED, BUT PARTIES MAY SEEK LEAVE**

Motion *In Limine* No. 9: To preclude any evidence, statements, comments, or references regarding the size of the parties or the value of the parties' respective assets, which can be an indicator of wealth.

**GRANTED, BUT PARTIES MAY SEEK LEAVE**

SIGNED this 22nd day of August, 2022.

_____
HONORABLE ROBERT PITMAN
UNITED STATES DISTRICT JUDGE