## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| GOOD RIVER FARM, LP, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | NO. 1:17-cv-01117 |
| | § | |
| MARTIN MARIETTA | § | |
| MATERIALS, INC.; and | § | |
| TXI OPERATIONS, LP, | § | |
| | § | |
| *Defendants.* | § | |

## DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW
## AND BRIEF IN SUPPORT

Defendants Martin Marietta Materials, Inc. and TXI Operations, LP ("Martin Marietta") submit this Motion for Judgment as a Matter of Law and Brief in Support (the "Motion") pursuant to Federal Rule of Civil Procedure 50(a) and respectfully show the Court as follows:

### I.  INTRODUCTION

Floods are unfortunate and powerful acts of God. That is certainly true of the October 30, 2015 flood that flowed onto Good River Farm, LP's ("Good River") real property abutting the Colorado River (and sitting in a 100-year floodplain). The law is clear, however, that no defendant owes a duty to prevent floods or divert floodwaters, nor any duty to divert water in a watercourse like the Colorado River. The law instead recognizes these acts for what they are: unfortunate acts of God.

Good River tries to sidestep this, claiming water from property owned by Martin Marietta crossed the river during the flood. Good River's primary argument is that alleged surface water

1

from Martin Marietta's property on the south side of the river was able to cross the Colorado River during the flood and yet remain "surface water," as opposed to becoming "water in a watercourse" or "flood waters." There is no support or authority for Good River's unusual characterization of how water flows. Instead, any water from Martin Marietta's property ceased to be surface water—and ceased to be actionable—when it entered the Colorado River. As a result, Good River's causes of action fail.

As a matter of law, Good River's theory of liability—that some act by Martin Marietta caused water to come over the banks of the Colorado River to flood Good River's property—cannot sustain a cause of action because:

- There is no violation of the Texas Water Code for diversion of water in a watercourse like the Colorado River, or for water that flows into a watercourse, so Good River's statutory cause of action fails.

- Martin Marietta had no duty to control flood waters, as opposed to surface waters, and therefore, Good River's negligence claim fails.

- Good River's claim for private nuisance claim is either based on negligence (for which there is no duty) or based on violation of the Texas Water Code (which does not govern floods, as described above).

- A permanent injunction requires there to be a viable underlying claim, which there is not.

Good River has completed its case-in-chief and has been fully heard on its claims against Martin Marietta. The Court should not submit Good River's claims against Martin Marietta to the jury because there is no legally sufficient basis for a reasonable jury to find for Good River.

## II.  ARGUMENT AND AUTHORITIES

A court may properly grant a motion for judgment as a matter of law when "a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for the party on that issue." *See* FED. R. CIV. P. 50(a); *Anthony v. Chevron USA, Inc.*, 284 F.3d 578, 583 (5th Cir. 2002). Whether the evidence presented at trial will permit a court to

enter judgment as a matter of law is governed by federal rather than state law. *Ellis v. Weasler Eng'g, Inc.*, 258 F.3d 326, 336 (5th Cir. 2001).

In order to survive a Rule 50 motion and present a question for the jury, a non-movant must at least establish a conflict in substantial evidence on each essential element of its claim. *Anthony*, 284 F.3d at 583. The court must review all of the evidence in the record, draw all reasonable inferences in favor of the non-movant and disregard all evidence favorable to the movant that the jury is not required to believe. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150-51 (2000); *Ellis*, 258 F.3d at 337. There must be more than a mere scintilla of evidence is insufficient to present a question for the jury. *Boeing Co. v. Shipman*, 411 F.2d 365, 374 (5th Cir. 1969).

A.   **Good River has no statutory cause of action under Texas Water Code § 11.086 because it only applies to surface water, and any water that may have come from Martin Marietta's property ceased to be surface water when it entered the Colorado River.**

Section 11.086 of the Texas Water Code applies to diversion or impoundment of "surface water," not "flood water" or "water in a watercourse." *Dietrich v. Goodman*, 123 S.W.3d 413, 417 (Tex. App.—Houston [14th Dist.] 2003, no pet.). Because surface water becomes water in a watercourse when it is released into a watercourse, such as a river, § 11.086 cannot apply to any water that might have come from Martin Marietta's property, mixed with the Colorado River, and collectively flowed onto Good River's property in October 2015. *Bonin v. Sabine River Auth. of Texas (Bonin I)*, No. 1:17-cv-134, 2018 WL 1190234, at *6 (E.D. Tex. Feb. 8, 2018) ("[T]he water was no longer 'surface water' <u>as soon as the spillway released</u> the water into the Sabine River as a matter of law." (emphasis added) (citing *Salazar v. Sanders*, 440 S.W.3d 863, 873 (Tex. App.—El Paso 2013, pet. denied); *Dietrich*, 123 S.W.3d at 419)), *adopted by* 2018 WL 118526 at *9 (E.D. Tex. Mar. 7, 2018).

3

Good River argues that surface water somehow crossed the Colorado River from Martin Marietta's property onto Good River's property, never flowing with the Colorado River and thus retaining its status as surface water, which in turn renders the statute applicable.

Any surface water that flowed from Martin Marietta's property to Good River's property had to release into and cross the Colorado River, coming "under the control and direction of the watercourse", and in so doing, became water in a watercourse. *Dietrich*, 123 S.W.3d at 420; *see also Dalon*, 852 S.W.2d at 538-39 ("[I]f the floodwater forms a continuous body with the water flowing in the ordinary channel . . . it is to be regarded as still a part of the stream") (internal citations omitted). Good River apparently contends that surface water does not become water in a watercourse if it did not "flow" with the river—a standard no court has utilized. Good River instead points to one witness who testified that he saw water coming over the Martin Marietta embankment and that the flood waters on Good River's property were flowing North to argue that Martin Marietta's water must have flowed across the Colorado River, not *with* the river and this body of law does not apply. As an initial matter, the witness did not actually testify that the water in the river flowed perpendicular to the normal flow of the river, much less support the physical impossibility that water released into a swollen Colorado River never became part of it. He testified that when standing a distance away from the river, water flowed towards him, perpendicular to the river. This is no surprise as the floodwaters from the river would naturally flow downhill, which in this case is perpendicular from the river's elevated banks.  In any event, no court has imposed a "flow test" to determine whether surface water becomes water in a watercourse. Instead, once water "reaches some bed or channel in which water is accustomed to flow"—like the Colorado River—it ceases to be surface water. *Dietrich*, 123 S.W.3d at 419; *see also Bonin I*, 2018 WL 1190234, at *5.

Because water from Martin Marietta's property had to reach the Colorado River, a watercourse, to somehow flood Good River's property on the other side, the case law says that it ceased to be surface water. Good River's statutory claim under § 11.086 fails as a matter of law.

**B.**     **Good River's negligence claim fails because Martin Marietta had no duty to control flood waters.**

To prevail on its negligence claim, Good River must prove: (1) a legal duty owed by Martin Marietta to Good River, (2) breach of that duty, and (3) that the breach proximately caused damages to Good River. *Nabors Drilling, U.S.A., Inc. v. Escoto*, 288 S.W.3d 401, 404 (Tex. 2009). "The existence of a duty is a question of law." *Id*.

Private parties have no right or duty to control flood waters. *See id.*; *Lewis v. Tex. Utils. Elec. Co.*, 825 S.W.2d 722, 724 (Tex. App.—Dallas 1992, writ denied). Like water in a watercourse, flood waters are owned by the State. *Raburn v. KJI Bluechip Invs.*, 50 S.W.3d 699, 704 (Tex. App.—Fort Worth, 2001, no pet.) ("The State also has the ownership and the non-delegable duty to control flood waters and to maintain the appurtenant instrumentalities used for flood control.") (citing TEX. CONST. art. XVI, § 59).

Flood waters are defined as "waters above the regular flow of a stream." *Id*. Flood waters are those waters that "have overflowed a river, stream or natural water course and have formed a continuous body of water flowing in the ordinary channel." *Jones v. Zearfoss*, 456 S.W.3d 618, 627 (Tex. App.—San Antonio 2015, no pet.).;*see also Bonin v. Sabine River Authority of Tex. (Bonin II)*, No. 1:17-CV-00134-TH, 2019 WL 1246259, at *6 (E.D. Tex. Mar. 1, 2019) ("'Floodwaters' are waters that have 'overflowed a natural water course but remain a continuous part of that original water course.'").

Good River's legal argument ignores the *Bonin II* decision where the court determined that even the intentional release of surface water into a river was not actionable because the

water became flood waters when it touched the river and defendants "owed no duty to control such floodwaters." *Bonin v. Sabine River Authority of Tex. (Bonin II)*, No. 1:17-CV-00134-TH, 2019 WL 1246259, at *7 (E.D. Tex. Mar. 1, 2019), *adopted by* 2019 WL 1244705 (E.D. Tex. Mar. 18, 2019).

For example, after dismissing the plaintiffs' negligence per se and Water Code claims in *Bonin I*, the trial court granted plaintiffs leave to amend, and plaintiffs only reasserted their negligence claim in *Bonin II*. *Id*. at *2–3. In *Bonin II*, the trial court dismissed the negligence claim because "as a matter of law" the water the river authority defendants released from the spillway ceased being surface water "as soon as the spillway gates released the water into the Sabine River" and became flood waters "when it overflowed the natural watercourse of the Sabine River." *Id*. at *7. Therefore, the defendants "owed no duty to control such floodwaters," "cannot breach a duty they do not owe," and "cannot proximately cause damages if they have no duty to control the waters in the first place." *Id*.

Similarly here, the waters in question are flood waters that Martin Marietta has no duty to control. Good River alleges flooding from the Colorado River. Even if Good River contends that the flooding of its property was caused by Martin Marietta's diversion of the Colorado River, Good River is still complaining of damage caused by flood waters, which Martin Marietta, as private landowners, have no duty to control. *Lewis*, 825 S.W.2d at 724.

To the extent Good River alleges that the flooding was caused by water from the excavated pit *itself* flowing across the entire Colorado River and onto Good River's property, that water became water in a watercourse as soon as it flowed into the Colorado River and flood water when it overflowed the natural watercourse water. *Bonin II*, 2019 WL 1246259, at *7.

Again, Martin Marietta has no duty to control flood water. *See also Raburn*, 50 S.W.3d at 704 (affirming trial court's decision that water in question was flood water "as a matter of law").

The water that flowed onto Good River's property is either water in a watercourse or floodwater, which Martin Marietta has no duty to control, and Good River's negligence claim fails as a matter of law.

**C.      Good River's private nuisance claim fails for lack of any duty.**

A private nuisance "is a condition that substantially interferes with the use and enjoyment of land by causing unreasonable discomfort or annoyance to persons of ordinary sensibilities attempting to use and enjoy it." *Crosstex N. Tex. Pipeline, L.P. v. Gardiner*, 505 S.W.3d 580, 593 (Tex. 2016). Private nuisance can be based on strict liability, negligence, or intentional conduct, but negligence is the only theory of liability applicable here. *See id*. The Court denied summary judgment on Good River's private nuisance claim because "a dispute of material fact exists with regard to whether Martin Marietta owed Good River a duty of care either under TWC section 11.086 or under the common law for Good Reiver's negligence claim, and the evidence supporting Good River's negligence claim also supports its nuisance claim." (Doc. 63 at 10.) Whether the defendant negligently causes a private nuisance "is governed by ordinary negligence principles." *Crosstex N. Tex. Pipeline*, 505 S.W.3d at 607. With no duty existing as discussed above, Good River's private nuisance claim has no basis as a matter of law.

**D.      Good River is Not Entitled to a Permanent Injunction Because Its Underlying Causes of Action All Fail.**

A permanent injunction requires the plaintiff to demonstrate that he is entitled to a remedy in equity. *ITT Educ. Servs., Inc. v. Arce*, 533 F.3d 342, 347 (5th Cir. 2008). *See also Long Canyon Phase II & III Homeowner's Assoc., Inc. v. Cashion*, 517 S.W.3d 212, 224 (Tex. App.—Austin 2017, no pet.) (requiring existence of wrongful act to be entitled to injunction

under Texas law). Accordingly, Good River's request for a permanent injunction must also be denied as a matter of law because all of its underlying claims are not actionable. *Crook v. Galaviz*, 616 F. App'x 747, 753 (5th Cir. 2015) ("As an injunction is a remedy that must be supported by an underlying cause of action, the failure of [plaintiff's] constitutional and common law claims also warrants dismissal of this claim."); *Berry v. Seterus, Inc.*, No. 2:17-CV-5, 2017 WL 1196207, at *4 (S.D. Tex. Mar. 31, 2017) (dismissing claim for injunctive relief when all theories of liability failed).

### III. CONCLUSION

For the foregoing reasons, Defendants Martin Marietta Materials, Inc. and TXI Operations, LP request that the Court grant their Motion for Judgment as a Matter of Law and grant Martin Marietta judgment as a matter of law on all of Good River's claims and grant them such other and further relief, at law or in equity, to which they may be justly entitled.

Respectfully submitted,

*/s/ D. Lance Currie*

**D. Lance Currie**
Texas State Bar No. 24065106
Email: lcurrie@ccsb.com
**Joshua D. Kipp**
Texas State Bar No. 24078793
Email: jkipp@ccsb.com
**Debrán L. O'Neil**
Texas State Bar No. 24083497
Email: doneil@ccsb.com
**CARRINGTON, COLEMAN,**
**SLOMAN & BLUMENTHAL, L.L.P.**
901 Main Street, Suite 5500
Dallas, Texas 75202
214/855-3000 – Telephone
214/580-2641 – Facsimile

*Attorneys for Defendants Martin Marietta*
*Materials, Inc. and TXI Operations*